**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Juan Oliveros MEJIA, also known as Juan Mejia Oliveros, Defendant–Appellant.**

**No. 14–20383**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 8, 2015.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM: *

Juan Oliveros Mejia pleaded guilty to illegal reentry following deportation subse-

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

quent to an aggravated felony and was sentenced to 40 months in prison. Mejia and the Government agree that Mejia's prior conviction for sexual assault pursuant to Texas Penal Code § 22.011 does not qualify as an "aggravated felony" for purposes of 8 U.S.C. § 1326(b)(2), which carries a 20–year statutory maximum. The parties disagree as to whether the proper remedy is remand for the district court to enter a modified judgment or for this court itself to modify and affirm the judgment.

We agree that there was error. *See Rodriguez v. Holder*, 705 F.3d 207, 215–16 (5th Cir.2013). The conviction and sentence imposed by the district court are AFFIRMED. However, we REMAND to the district court for the limited purpose of correcting the judgment to reflect the correct offense of conviction as under § 1326(b)(1). *See United States v. Johnson*, 588 F.2d 961, 964 (5th Cir.1979).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.